George L. STIEREN, Appellant,

v.

Karen McBROOM, Appellee.

No. 04–01–00587–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 28, 2003.

Rehearing Overruled Feb. 28, 2003.

John F. Carroll, San Antonio, for Appellant.

Richard C. Mosty, Richard C. Mosty, P.C., Scott F. Monroe, Pollard & Monroe, Kerrville, for Appellee

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, PHIL HARDBERGER, Retired Chief Justice.[1]

## OPINION ON APPELLANT'S MOTION FOR REHEARING AND MOTION FOR REHEARING EN BANC

Opinion by: SANDEE BRYAN MARION, Justice.

In this appeal, we are asked to decide whether the trial court abused its discre-

---

1. Retired Chief Justice Phil Hardberger not participating.

tion in vacating an arbitrator's award on the grounds that the award was not in the minor child's best interest. Also, we are asked whether the trial court had the authority to determine the merits of appellant's motion to modify his child support obligations after vacating the arbitrator's award. In an opinion and judgment dated December 18, 2002, we affirmed the trial court's judgment in part and reversed and remanded in part. George L. Stieren, the appellant, filed a motion for rehearing and motion for rehearing en banc, both of which we deny. However, to clarify our opinion of December 18, 2002 and to address Stieren's arguments raised in his motions for rehearing, we withdraw our opinion and judgment of December 18, 2002 and issue this opinion and judgment in its place. We conclude the trial court did not err in vacating the arbitrator's award, but did err in determining the merits of appellant's motion to modify. Accordingly, we affirm in part and reverse and remand in part.

## BACKGROUND

Appellant, George Stieren, and appellee, Karen McBroom, were divorced in February 1999, at which time their daughter, Gretchen, was one month shy of her eighteenth birthday and their son, Arthur, was ten years old. At the time of the divorce, Stieren and McBroom entered into an agreement incident to divorce ("AID"), which provided that, "[t]o the extent permitted by law, the parties stipulate that this agreement is enforceable as a contract." The agreement did not specify the amount of child support to be paid, but instead stated: "The parties acknowledge that they have agreed to a joint managing conservatorship with provisions for possession of and access to the minor child, and for child support and medical costs and that such agreement is contained in the Final Decree of Divorce." The divorce decree approved and incorporated the AID and specified the child support to be paid by Stieren, which amounted to $6000 per month for four years and $5000 per month thereafter until, among other occurrences, Arthur turned eighteen years old or graduated from high school.

In April 2000, Stieren filed a motion to modify his child support payments, seeking a reduction on the following grounds: (1) he agreed to deviate from the Family Code's child support guidelines in order to allow McBroom to continue to live at their home on Panorama Drive, but because she sold the house and moved to a smaller house, a payment of $6000 was no longer justified; (2) Gretchen is eighteen years old and no longer lives with McBroom because she is now attending college in New York; (3) Stieren's family obligations have increased based on his marriage to a woman with two children and they are expecting their own child in the near future; and (4) Arthur's needs do not justify a payment of $6000 per month. The AID provided that any controversy arising from the divorce decree or the AID that could not be resolved by mediation or negotiation would be submitted to binding arbitration. After an unsuccessful mediation, Stieren's motion to modify was referred to binding arbitration.

The arbitrator, an experienced family lawyer, determined that Stieren's motion to modify child support should be granted. The arbitrator reduced the child support owed by Stieren from $6000 to $4200 per month, stating the following reasons: (1) there had been material and substantial changes in that Gretchen was an adult and no longer entitled to child support and Stieren has a new minor child for whom he has a duty of support, in addition to his duty to support Arthur; and (2) it is in Arthur's best interest to receive child support based on present circumstances and

proportionate to that previously provided for both Gretchen and Arthur. The arbitrator also determined that the terms of the divorce decree regarding child support were not enforceable as a contract.

McBroom then filed, in district court, a motion to vacate the arbitration award on the following grounds: (1) the award was not in Arthur's best interest; (2) Stieren's income had increased from the date of the divorce decree by ten times; and (3) the arbitrator exceeded his authority in interpreting the divorce decree. After a hearing, the trial court vacated the arbitrator's award, held that the divorce decree remained in full force and effect, and then denied Stieren's motion to modify. The trial court issued findings of fact and conclusions of law. On appeal, Stieren raises fifty-three issues, but his chief two complaints are that the trial court erred in vacating the arbitrator's award and in considering the merits of his motion to modify.

## STANDARD OF REVIEW

Review of an arbitration award is "extraordinarily narrow," and we must indulge every reasonable presumption in favor of upholding the arbitration award. *Cooper v. Bushong*, 10 S.W.3d 20, 24 (Tex. App.-Austin 1999, pet. denied); *see also J.J. Gregory Gourmet Servs., Inc. v. Antone's Import Co.*, 927 S.W.2d 31, 33 (Tex. App.-Houston [1st Dist.] 1995, no writ). "Review is so limited that an arbitration award may not be vacated even if there is a mistake of fact or law." *Vernon E. Faulconer, Inc. v. HFI Ltd. P'ship*, 970 S.W.2d 36, 39 (Tex.App.-Tyler 1998, no pet.). In circumstances such as those presented here, a trial court may vacate an arbitrator's award under only two circumstances: (1) as allowed by the Family Code or (2) as allowed by the Texas Arbitration Act ("TAA"). Under the Family Code, when parties agree· to binding arbitration, the trial court "shall render an order reflecting the arbitrator's award unless the court determines at a non-jury hearing that the award is not in the best interest of the child." TEX. FAM.CODE ANN. § 153.0071(b) (Vernon Supp.2002). Because McBroom sought to avoid rendition of the arbitrator's award, she bore the burden of proving the award was not in Arthur's best interest. *See id.* Under the TAA, "the trial court shall vacate an [arbitrator's] award if … the arbitrators exceeded their powers…." TEX. CIV. PRAC. & REM.CODE ANN. § 171.088(a)(3)(A) (Vernon Supp.2002).[2]

An arbitration award has the same effect as the judgment of a court of last resort, and a trial court may not substitute its judgment for the arbitrator's merely because it would have reached a different decision. *Bailey & Williams v. Westfall*, 727 S.W.2d 86, 90 (Tex.App.-Dallas 1987, writ ref'd n.r.e.). However, in suits affecting the parent-child relationship the Texas Legislature has specifically granted the trial court the ability to substitute its judgment for that of the arbitrator when determining the best interest of a child. *See* TEX. FAM.CODE ANN. § 153.0071(b). Yet, the Legislature has not articulated a standard by which to determine the "best interest" of a child in a proceeding to vacate an arbitration award. In family law matters, trial courts have broad discretion in determining a child's best interest, and the court's judgment will be set aside only upon a finding

---

2. Because we resolve this issue under the Family Code, we need not reach the issue of whether the court erred in vacating the arbitrator's award pursuant to the TAA. Accordingly, we do not address whether the arbitrator correctly determined that the terms of the divorce decree regarding child support were not enforceable as a contract.

that the court abused its discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex.1982); *In the Interest of S.B.C.*, 952 S.W.2d 15, 17 (Tex.App.-San Antonio 1997, no writ); *MacCallum v. MacCallum*, 801 S.W.2d 579, 582 (Tex.App.-Corpus Christi 1990, writ denied).

 In situations such as this, the trial court, the parties, and the appellate court are torn between competing burdens and standards. The party attempting to vacate an arbitration award labors under a heavy burden and our review is "extraordinarily narrow." *Prudential Secs., Inc. v. Shoemaker*, 981 S.W.2d 791, 793 (Tex. App.-Houston [1st Dist.] 1998, no pet.). On the other hand, the party attempting to show an abuse of discretion on the trial court's part also labors under a heavy burden and our review is deferential. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985); *Lutheran Social Serv., Inc. v. Meyers*, 460 S.W.2d 887, 889 (Tex.1970). Because the guiding principle in all suits affecting the parent-child relationship is what is in the child's best interest and because Texas affords trial courts broad discretion in determining how the best interest of a child should be served, we conclude that our review here is limited to determining whether the trial court abused its discretion.

## VACATING THE ARBITRATOR'S AWARD UNDER THE FAMILY CODE: BEST INTEREST OF THE CHILD

 Stieren relies on Family Code section 154.126 for his contention that because the amount of his child support obligation exceeded the presumptive maximum under the statutory guidelines of $1200, the trial court was limited to consideration of Arthur's actual needs in determining his best interest. Stieren contends McBroom did not establish Arthur's actual needs in excess of the presumptive amount because she only testified it was not in Arthur's best interest for *her* to live on $4200 per month. We do not believe section 154.126 dictates the outcome in a motion to vacate an arbitrator's award in a modification proceeding. *Cf. Lundy v. Lundy*, 973 S.W.2d 687, 690 (Tex.App.-Tyler 1998, pet. denied) (prior child support order not in compliance with statutory guidelines did not by itself establish a material and substantial change in circumstances); *Farish v. Farish*, 921 S.W.2d 538, 544 (Tex.App.-Beaumont 1996, no writ) (same). Instead, in a proceeding on a motion to vacate an arbitrator's award under the Family Code, the court must consider the best interest of the child.

 However, the best interest of a child is not determined in a vacuum. As in any child support modification proceeding, the court may consider the guidelines contained in the Family Code, including whether and in what manner the circumstances of the parties or the children have changed since the entry of the prior order. Nevertheless, we agree with Stieren's assertion on rehearing that whether and to what extent there has been a material change in circumstances is relevant only to the determination of whether the arbitrator's award is in Arthur's best interest. Also, when considering the guidelines, a trial court must review the evidence relevant to a best interest determination.

 Here, the court was aware that Stieren filed his motion to modify only one year after reaching the original agreement on child support. In February 1999, Stieren, McBroom, and the court agreed the support payment, which was higher than the guideline amount, was in the children's best interest. The parties agreed Stieren would pay $6000 per month for four years, after which he would pay $5000 per month until Arthur turned eighteen years old or

graduated from high school. Although at the time of the divorce Gretchen was one month short of her eighteenth birthday and three months short of graduating from high school and had already been accepted for enrollment at a New York college, the decree did not provide for a decrease in Stieren's support obligation based on any of these occurrences.

McBroom, who was the only witness at the hearing on the motion to vacate, said she and Stieren both wanted the least disruption possible in their children's lives following the divorce, and they did not want the children to experience a significant change in living conditions between the two households. McBroom testified that Stieren's income increased significantly, from approximately $650,000 in 1998 to $2 million in 2000 and in excess of $4 million per year at the time of the proceeding on the motion to vacate. She said Stieren was angry when she told him she intended to remarry and move out of the Panorama Drive house, and he threatened to lower the child support payments. Although McBroom admitted that Stieren said at the arbitration hearing he understood he would pay $6000 per month only so long as she lived in the house awarded to her in the decree, she testified that was not their agreement.

Based on this uncontroverted evidence adduced at the hearing on the motion to vacate, the trial court determined it was not in Arthur's best interest to reduce Stieren's child support obligation. Considering the mandate that the best interest of the child is the trial court's primary consideration and the court has broad discretion in making this determination, we cannot conclude the trial court abused its discretion in vacating the arbitrator's award.

## TRIAL COURT'S ABILITY TO PROCEED ON THE MERITS OF STIEREN'S MOTION TO MODIFY

After vacating the arbitrator's award, the trial court proceeded to consider and rule on Stieren's motion to modify. Stieren asserts the trial court erred in doing so because the AID provides that any dispute must be referred to binding arbitration and that once the arbitrator's award was vacated, the matter must be sent back to arbitration. We agree.

This court considered a similar issue in *Koch v. Koch,* 27 S.W.3d 93 (Tex.App.-San Antonio 2000, no pet.), in which the appellant asserted the trial court abused its discretion in setting aside and vacating a corrected arbitration award and ordering the case to a jury trial. In *Koch,* the parties' agreement to arbitrate predated the Family Code section regarding arbitration; however, the current version of Family Code section 153.0071 does not indicate the procedure to be followed when a trial court does not enter an order reflecting the arbitrator's award. Therefore, we resolve this issue in the same manner as the *Koch* court: by reference to the TAA. *Id.* at 96–97; *see also In re Cartwright,* No. 01–01–00948–CV, 2002 WL 501595, at *4 (Tex.App.-Houston [1st Dist.] Apr. 4, 2002, no pet. h.) (when arbitration is binding, it is appropriate to follow the provisions of the TAA); *see also Cooper,* 10 S.W.3d at 24–25 (same). Under the TAA, if a court vacates an arbitration award, it may order a rehearing before new arbitrators chosen pursuant to the agreement to arbitrate or by the court if the agreement does not provide the manner of choosing the arbitrators. *Id.* at § 171.089(a). If the award is vacated under section 171.088(a)(3)(A) (where the arbitrator exceeded his power), the court may order a rehearing before the arbitrators who made the award or their appointed successors. *Id.* § 171.089(b).

McBroom argues that the trial court must rule on the motion to modify to bring resolution to a request for modification of child support. There is merit to McBroom's argument. Texas has a public policy of encouraging the peaceful resolution of disputes, particularly those involving the parent-child relationship, and the early settlement of pending litigation through voluntary settlement procedures. Tex. Civ. Prac. & Rem.Code Ann. § 154.002 (Vernon 1997). However, the unique circumstances involving conservatorship, visitation, and support of a child also call for quick resolution of these disputes. *See Proffer v. Yates,* 734 S.W.2d 671, 673 (Tex. 1987) ("Justice demands a speedy resolution of child custody and child support issues."). Section 153.0071 serves the first goal of peaceful resolution by providing procedures for alternate dispute resolution. However, because section 153.0071 is silent on the options available to a court when an arbitrator's award is vacated, the second goal of a speedy resolution is not served, as is clear in this case. Nevertheless, until the Legislature amends the Family Code provisions on arbitration, we are bound by section 153.0071's silence, this court's decision in *Koch,* and the provisions of the TAA.

Accordingly, the trial court did not have discretion to rule on a claim or controversy that the parties agreed to submit to binding arbitration. *See Koch,* 27 S.W.3d at 97 (holding that because TAA is silent on whether section 171.089(b) includes right to order parties to trial when the arbitration is vacated, explicit language of statute should be followed). Because the trial court was limited to rendering an order reflecting the award or referring the matter back to arbitration for a rehearing, the trial court erred when it ruled on Stieren's motion to modify. *Id.* Having vacated the arbitrator's award, the trial court had no other authority but to refer Stieren's mo-

tion to modify back to binding arbitration pursuant to the parties' agreement.

## CONCLUSION

We affirm that portion of the trial court's judgment vacating the arbitrator's award. We reverse the judgment in all other respects and remand the case to the trial court for further proceedings consistent with this opinion.