In the Interest of T.B.H.-H., a Child.

No. 10–05–00075–CV.

Court of Appeals of Texas,
Waco.

Feb. 15, 2006.

Paula J. Gaus, Law Office of Paula J. Gaus, Irving, for appellant.

L. Bradley Marling, Law Office of L. Bradley Marling, Bedford, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Appellant Scarlette Herndon–Martin appeals the trial court's judgment in this suit to modify the parent-child relationship. We will affirm the judgment of the trial court.

## BACKGROUND

Jason Brent Harris, Appellee, sought to modify the parent-child relationship in February 2004. Specifically, he requested

the right to determine the residence of T.B.H.-H., a minor child, or, in the alternative, he requested a geographical restriction for the child's residence. He also requested changes in the visitation schedule and a name change for T.B.H.-H. The trial court approved an Agreed Order of Referral to Arbitration and the case was submitted to binding arbitration. The trial court issued its Order in Suit to Modify Parent–Child Relationship in accordance with the arbitrator's award on October 14, 2004.

Appellant filed a Motion for New Trial in November 2004 which alleged the order was not in the best interest of the child. The trial court held a hearing on this motion but did not consider any evidence regarding the best interest of T.B.H.-H. After the trial court denied the motion, Appellant filed a Notice of Appeal and Motion for Temporary Orders pending the Appeal which the trial court entered on February 2, 2005.

Appellant brings five issues on appeal. First, she argues the trial court erred in failing to make a determination of the best interest of the child at the time of the Motion for New Trial pursuant to Texas Family Code section 153.002. Second, she argues Texas Civil Practice and Remedies Code section 171.088 does not preclude the trial court from hearing evidence at a Motion for New Trial hearing in order to determine the best interest of the child. Third, she argues the trial court's order based upon the binding arbitration award erroneously omitted or conflicted with mediated settlement agreements. Fourth, she claims the court erred in failing to determine whether certain modifications of the previous order were in the child's best

interest.[1] Finally, she claims the court erred in failing to determine whether there was any statutory authority to change the child's name at the time of the change or at the time of the Motion for New Trial.

## REVIEW OF ARBITRATOR'S AWARD

Texas law favors arbitration; therefore, review of an arbitration award is "extraordinarily narrow." *Stieren v. McBroom*, 103 S.W.3d 602, 605 (Tex.App.-San Antonio 2003, pet. denied). An arbitration award has the same effect as the judgment of a court of last resort, and the reviewing court may not substitute its judgment for the arbitrator's merely because it would have reached a different result. *Id.*; *J.J. Gregory Gourmet Servs., Inc. v. Antone's Imp. Co.*, 927 S.W.2d 31, 33 (Tex.App.-Houston [1st Dist.] 1995, no writ). In fact, the court must indulge every reasonable presumption in favor of upholding the award and it may not be set aside even if there is a mistake of law or fact. *Stieren*, 103 S.W.3d at 605; *Vernon E. Faulconer, Inc. v. HFI Ltd. P'ship*, 970 S.W.2d 36, 39 (Tex.App.-Tyler 1998, no pet.).

## PROCEDURE FOR CHALLENGING ARBITRATOR'S AWARD

A party to binding arbitration is limited in challenging the arbitration award. Because the policy in Texas is to accord great deference to arbitration awards, scrutiny of these awards should focus on the integrity of the arbitration process, not on the propriety of the result. *Tuco Inc. v. Burlington Northern R.R. Co.*, 912 S.W.2d 311, 315 (Tex.App.-Amarillo 1995), *modified on other grounds*, 960

---

**1.** Appellant complains of the following modifications of the previous order: (1) A name change for the seven-year-old child; (2) Authorization for counseling only upon agreement of the parents; and (3) Authorization to enroll the child in extracurricular activities during the other parent's possession period only if agreed to in writing by both parents.

S.W.2d 629 (Tex.1997). However, in suits affecting the parent-child relationship the legislature provides a trial court with the limited authority to substitute its judgment for that of the arbitrator when determining the best interest of the child. *Stieren*, 103 S.W.3d at 605. The Family Code provides "[i]f the parties agree to binding arbitration, the court shall render an order reflecting the arbitrator's award unless the court determines at a non-jury hearing that the award is not in the best interest of the child." TEX. FAM.CODE ANN. § 153.0071(b) (Vernon Supp.2005). The party challenging the award must request the best interest hearing to invoke the right to a hearing and preserve a complaint. *Id.; In the Interest of C.A.K.,* 155 S.W.3d 554, 561 (Tex.App.-San Antonio 2004, pet. denied). Further, the movant bears the burden of proving the award is not in the child's best interest. *Stieren,* 103 S.W.3d at 605.

■ Appellant argues the trial court erred in failing at the hearing on her motion for new trial to determine whether the arbitrator's award was in the best interest of the child. Section 153.0071 of the Family Code indicates that the best interest hearing must occur before the time the trial court renders its order. In failing to file a motion to vacate the award and failing to present evidence concerning the child's best interest before the trial court rendered its order in accordance with the arbitrator's award, Appellant waived the right to a best interest hearing. Section 153.002 does not apply in this instance. Accordingly, we overrule Appellant's first and fourth issues.

■ Further, Appellant argues the trial court erred in rendering the order based on the arbitrator's award because the award omitted or conflicted with settlement agreements between the parties and because it failed to determine if statutory authority existed to change the child's name. As these claims do not pertain to the best interest of the child, the trial court was not authorized to make these determinations. The trial court was only authorized to vacate the award if Appellant presented sufficient evidence that the integrity of the arbitration process had been compromised. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088. The trial court properly refused to substitute its judgment for that of the arbitrator. We overrule Appellant's third and fifth issues.

## MOTION FOR NEW TRIAL

■ Generally, a hearing on a motion for new trial is not mandatory. *Scott v. Scott,* 774 S.W.2d 307 (Tex.App.-Austin 1989, no writ). However, when the motion alleges facts, which if true, would entitle the movant to a new trial the court is obligated to hear such evidence. *Hensley v. Salinas,* 583 S.W.2d 617, 618 (Tex.1979). In the present case, Appellant sought to introduce evidence that the arbitrator's award was not in the best interest of the child. As Appellant had failed to request a best interest hearing, the only possible authority for vacating the arbitration award was Texas Civil Practice and Remedies Code section 171.088. Even if Appellant presented facts which indicated that the award was not in the best interest of the child, the trial court was not authorized under section 171.088 to vacate the award. The trial court did not err in refusing to hear evidence on the best interest of the child. We overrule Appellant's second issue.

## CONCLUSION

Having overruled Scarlette Herndon–Martin's five issues, we affirm the judgment.