Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-07-00838-CV

**IN THE INTEREST OF T.B.**, a Child

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2004-CI-04373
Honorable Lori Massey, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Karen Angelini, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:   April 3, 2009

VACATED AND REMANDED

Appellant Oliver Bourgoin appeals the entry of an order based on an arbitration award. Bourgoin contends that the order should be vacated because: (1) it goes beyond the scope of the arbitration and conflicts with the mediated settlement agreement that governs the parties' relationship, and (2) the arbitration award, on which the order is based, is actually a settlement agreement that fails to comply with Rule 11. *See* TEX. R. CIV. P. 11. We agree the trial court's order exceeded the award of the arbitrator. Therefore, we vacate the order of the trial court and remand this matter to the trial court for further proceedings consistent with this opinion.

### FACTUAL BACKGROUND

Bourgoin filed an Original Petition in Suit Affecting the Parent Child Relationship in March 2004. Shortly thereafter, the parties agreed to mediation and reached a Mediated

Settlement Agreement. In the Mediated Settlement Agreement, the parties agreed to try to resolve "any dispute" arising from the interpretation or performance of the agreement by holding a phone conference with the mediator. The agreement also required the parties to appear in court at the "first available date" to secure rendition of judgment in accordance with the agreement. No such judgment was entered. Approximately seven months later, on January 14, 2005, Appellee Nadyezhida Khatman filed an Original Counter-Petition in Suit Affecting the Parent Child Relationship and an Original Petition for Divorce.

In response, Bourgoin filed a motion requesting that Khatman's action be abated until the dispute resolution provisions of the Mediated Settlement Agreement were satisfied. At the abatement hearing, the trial court found that the Mediated Settlement Agreement entered into by the parties was valid and enforceable under section 153.0071 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 153.0071(a) (Vernon 2005). The trial court granted the abatement and ordered the parties to mediation. Bourgoin contends the only issues to be mediated were the enforcement and interpretation of the Mediated Settlement Agreement.

Despite the order to mediate, the parties subsequently verbally agreed to enter into arbitration which began on October 6, 2005. No written guidelines or instructions were provided to the arbitrator. At the conclusion of the proceedings, the arbitrator signed a handwritten document entitled "Arbitration," detailing conservatorship issues pertaining to the child, and setting forth the division of assets with respect to eight specific items. Neither party signed the document, and for approximately two years, no order was entered based on the arbitrator's award.

On September 4, 2007, Khatman requested the trial court enter an order reflecting the arbitration award, and the trial court issued an Order Based on Arbitration Award and In Suit

Affecting the Parent Child Relationship (the Order). In response, Bourgoin filed a motion to modify, correct, or reform the trial court's Order contending that the Order not only contained awards contrary to the Mediated Settlement Agreement, previously recognized by the court, but conflicted with and exceeded the terms of the arbitration award. Bourgoin's motion to modify was overruled by operation of law. This appeal followed.

## THE AGREEMENT

Bourgoin argues that the Order: (1) ignores and conflicts with the valid and enforceable Mediated Settlement Agreement, (2) exceeds the scope of the arbitration, (3) exceeds the arbitration award, and (4) is based on an invalid mediation settlement wrongfully characterized as an arbitration award which should, therefore, be vacated. In support of his fourth point, Bourgoin argues that the agreed arbitration devolved into a mediation and that the document entitled "Arbitration" is, in effect, a mediated settlement agreement. He further asserts that the document is not enforceable as a settlement because Texas Rule of Civil Procedure 11 requires the agreement be in writing and signed by all parties. *See* TEX. R. CIV. P. 11 ("Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."). Likewise, the arbitration award also fails to satisfy the written criteria for a mediated settlement agreement. *See* TEX. FAM. CODE ANN. § 153.0071(a) (Vernon 2009) (stating that a mediated settlement agreement must be in writing and signed by the parties). We must, therefore, first determine the validity of the arbitration award.

**A. Arbitration Award**

Although Bourgoin alleges it was out of sheer desperation, he concedes in both his brief and his testimony before the trial court that the parties agreed to binding arbitration over the issues arising from the Mediated Settlement Agreement.[1] Moreover, the trial court made a finding of fact that the parties entered into a binding arbitration. Arbitration agreements may be binding in suits affecting the parent-child relationship: "If the parties agree to binding arbitration, the court shall render an order reflecting the arbitrator's award unless the court determiners at a non-jury hearing that the award is not in the best interest of the child." TEX. FAM. CODE ANN. § 153.0071(b) (Vernon 2009). Although Bourgoin agreed to the arbitration, he seeks to vacate the award complaining that the arbitration proceeding turned into a mediated settlement because the session was conducted informally with little examination of witnesses, no documents were submitted for review, and there was no record. According to the arbitrator's testimony before the trial court, the "whole thing was done by agreement." Irrespective of Bourgoin's characterization of the proceeding, Bourgoin waived any objection to the arbitrator's award by failing to object to the award for over two years.

*1. Standard of Review*

"Review of an arbitration award is "extraordinarily narrow," and we must indulge every reasonable presumption in favor of upholding the arbitration award." *Stieren v. McBroom*, 103 S.W.3d 602, 605 (Tex. App.—San Antonio 2003, pet. denied) (citing *Cooper v. Bushong,* 10 S.W.3d 20, 24 (Tex. App.—Austin 1999, pet. denied)); *accord J.J. Gregory Gourmet Servs., Inc. v. Antone's Import Co.*, 927 S.W.2d 31, 33 (Tex. App.—Houston [1st Dist.] 1995, no writ). "Review is so limited that an arbitration award may not be vacated even if there is a mistake of

---

[1] We do not address the absence of a written agreement to arbitrate as appellant does not raise the issue or dispute the parties' agreement to enter into binding arbitration.

fact or law." *Vernon E. Faulconer, Inc. v. HFI, Ltd. P'ship,* 970 S.W.2d 36, 39 (Tex. App.—Tyler 1998, no pet.). In suits affecting the parent-child relationship, Section 153.0071(b) specifically grants the trial court the authority to substitute its judgment for that of the arbitrator only upon a determination that it is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 153.0071(b) (Vernon 2009). The trial court made no such determination in this case.

### 2. *Waiver*

The arbitration agreement in this case was *governed* by both the Texas General Arbitration Act and the Family Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.001 (Vernon 2005); *See* TEX. FAM. CODE ANN. § 153.0071(b) (Vernon 2009); *Kilroy v. Kilroy* 137 S.W.3d 780, 786 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("[I]t is helpful to consider both provisions in concert. . . ."); *In re Cartwright*, 104 S.W.3d 706, 712 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding). Any application to vacate, modify, or correct an arbitration award must be made "not later than the 90th day after the date of delivery of a copy of the award to the applicant." *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.088(b), 171.091(b) (Vernon 2005). Having waited for over two years before complaining of the arbitrator's award, Bourgoin has waived his right to contest the award.

Therefore, the arbitrator's award is valid, and we next address whether the trial court exceeded its authority in entering the Order based in part on the arbitration award.

### B. Trial Court's Order

### 1. *Conflict Between the Court's Order and the Mediated Settlement Agreement*

Bourgoin's main complaint is that both the arbitrator's award and the Order conflict with the Mediated Settlement Agreement, and therefore the Order is invalid. To the extent the arbitrator's award resolved disputes arising from the Mediated Settlement Agreement, the

arbitrator's award controls for the reasons discussed above. Bourgoin cannot complain that the trial court's Order varies from the terms of the Mediated Settlement Agreement when the terms complained of were amended by the arbitrator's award. Bourgoin complains of only one unchanged term of the Mediated Settlement Agreement that was modified by the Order—the court's characterization of certain property as "community" thereby implying the parties were married, which implication was contrary to the express terms of the settlement agreement.[2] We hold that the trial court erroneously characterized, as community property, some of the parties' property in the Order.[3] We need not address whether such error would be sufficient, in itself, because other errors, discussed below, warrant reversal.

2. *Trial Court's Order Based on Arbitration Award and In Suit Affecting the Parent Child Relationship*

"An arbitration award has the same effect as a judgment of a court of last resort, and a trial court may not substitute its judgment for the arbitrator's merely because it would have reached a different decision." *Stieren v. McBroom*, 103 S.W.3d at 605. "A final judgment founded upon a settlement agreement reached by the parties must be in strict or literal compliance with that agreement." *Vickrey v. Am. Youth Camps, Inc.*, 532 S.W.2d 292, 292 (Tex. 1976) (per curiam); *accord Nuno v. Pulido*, 946 S.W.2d 448, 451 (Tex. App.—Corpus Christi 1997, no writ) (applying *Vickrey* to arbitration and explaining that "the trial court acts in a ministerial capacity in entering judgment"). Under the Family Code, the trial court must enter an "order reflecting the arbitrator's award" unless it finds the award not in the best interest of the child. *See* TEX. FAM. CODE ANN. § 153.0071(b) (Vernon 2009). Once the parties have consented to arbitration, "[the] court has no power to supply terms, provisions, or conditions not

---

[2] The Mediated Settlement Agreement states: "The parties agree that they are not now married, nor have they ever been married to each other."

[3] The Order is internally inconsistent in that it acknowledges that the parties are not married, but characterizes some property as community in its division of assets.

previously agreed upon by the parties." *Rosales v. Rosales*, No. 04-05-00906-CV, 2006 WL 2955602, at *1 (Tex. App.—San Antonio Oct. 18, 2006, pet. denied) (mem. op.) (quoting *Donzis v. McLaughlin*, 981 S.W.2d 58, 63 (Tex. App.—San Antonio 1998, no pet.). Absent a determination that the award is not in the best interest of the child, any trial court judgment extending beyond the terms of the parties' agreement, shall be reversed and remanded back to the trial court. *See* TEX. FAM. CODE ANN. § 153.0071(b) (Vernon 2009); *Vickrey*, 532 S.W.2d at 292-93.

Here, the trial court did not find the arbitration award was against the best interest of the child. Absent such finding, the trial court was bound by the terms of the award. *See* TEX. FAM. CODE ANN. § 153.0071(b) (Vernon 2009) ("[T]he court shall render an order reflecting the arbitrator's award unless the court determines at a non-jury hearing that the award is not in the best interest of the child.").

Bourgoin argues the trial court modified the arbitration award in several different ways. Specifically, Bourgoin complains the Order: (1) failed to dispose of items in the arbitrator's award including a brooch; (2) changed the restrictions on the primary residence of the child; (3) required owelty of partition; and (4) characterized property of the parties as community contrary to the parties' Mediated Settlement Agreement. Without question, the trial court's order is not in strict compliance with the arbitration award. *See Vickrey*, 532 S.W.2d at 292-93; *Chisholm v. Chisholm*, 209 S.W.3d 96, 98 (Tex. 2006) ("[T]he judgment improperly removed and added material items."). Because the terms of the trial court's judgment are inconsistent with the terms of the arbitration award, the judgment is unenforceable. *Rosales*, 2006 WL 2955602, at *2; *Donzis*, 981 S.W.2d at 63. We, therefore, hold the trial court abused its discretion in improperly

modifying the arbitration award, and Bourgoin's issue regarding the court's expansion upon the arbitrator's award is sustained.

## CONCLUSION

The record establishes the parties agreed to arbitrate and the document entitled Arbitration was, in fact, a binding arbitration award. By failing to timely object to the award, Bourgoin was bound by its terms. Absent a determination that the arbitrator's award was not in the best interest of the child, the trial court abused its discretion by modifying the arbitrator's award in its Order. We, therefore, vacate the Order Based on Arbitration Award in Suit Affecting the Parent-Child Relationship and remand this matter to the trial court for further proceedings consistent with this opinion.

Rebecca Simmons, Justice