**In the Interest of C.A.K.**

**No. 04–03–00825–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 8, 2004.

Stephan B. Rogers, Beverly R. Rickhoff, Henslee, Fowler, Hepworth & Schwartz, L.L.P., Curtis Stoddard, James E. Monnig, San Antonio, Sharon F. Blakeney, Law Office of Sharon F. Blakeney, Kathleen Cassidy Goodman, Law Office of Kathleen Cassidy Goodman, Boerne, Frank E. Freeman, Houston, for appellant.

Ruth G. Malinas, William H. Ford, Ball & Weed, P.C., Richard R. Orsinger, San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

Sondra Kahlig appeals the trial court's judgment that modified the parties' joint conservatorship of C.A.K., a minor child, and designated the father, Clarence Kahlig, as the sole managing conservator. We affirm the judgment of the trial court.

### BACKGROUND

On April 3, 2001, the trial court entered an agreed final divorce decree that terminated the marriage between Sondra and Clarence Kahlig. The decree appointed Sondra and Clarence joint managing conservators of their child C.A.K., with equal management rights and time access. Contemporaneously with the entry of the divorce decree, the parties signed an agreement for binding arbitration that appointed an arbitrator to resolve any future disputes concerning management rights and time access. The arbitration agreement reserved the designation of joint or sole managing conservatorship and the primary physical residence of the child as issues to be determined by a jury.

Fourteen months later, after several arbitrations, Sondra Kahlig filed a petition to modify the parent-child relationship requesting that she be appointed sole managing conservator. Clarence Kahlig filed a counter-petition also seeking appointment as sole managing conservator. A 15-day jury trial was held. Nine experts and more than twenty fact witnesses testified. On May 22, 2003, the jury found that the

joint managing conservatorship should be modified, and Clarence should be designated the sole managing conservator.

Pursuant to their arbitration agreement, Sondra and Clarence then arbitrated the specific modifications to their management rights and periods of access to the child. On June 16, 2003, the arbitrator entered Arbitration Award No. 6, determining that it was in C.A.K.'s best interest to spend 70% of his time with Clarence and 30% with Sondra, and making other modifications to the parents' rights and duties. The arbitrator also awarded $522,742.95 in attorney's fees and court costs to Clarence, with an offset of $391,000 for money Clarence owed to Sondra, yielding a balance of $131,742.95 owed by Sondra. A clause in the arbitration award makes the $131,742.95 balance due and payable by Sondra only if she seeks review or modification of the court's judgment.

Clarence filed a motion to confirm the arbitration award and to enter judgment, which was set for a hearing on July 3, 2003. On the day of the hearing, Sondra filed a motion requesting a non-jury "best interest" hearing under § 153.0071(b) of the Texas Family Code to determine whether Arbitration Award No. 6 was in the child's best interest. During the July 3, 2003, hearing, the trial court was ready to determine whether Sondra was entitled to a best interest hearing, but Sondra's attorney announced "not ready" and withdrew the setting on the motion. The court stated it would reserve ruling on the motion for a best interest hearing, and instructed Sondra's attorney to re-set it for a new hearing date. The court then proceeded to enter its "Order in Suit Affecting the Parent–Child Relationship" appointing Clarence Kahlig as sole managing conservator, and confirming and incorporating Arbitration Award No. 6 in its entirety. Sondra had requested the court delay entering a final order, but the court overruled her request.

After entry of the order confirming the arbitration award, Sondra filed an application to vacate the arbitration award and a motion for new trial based on the lack of a "best interest" hearing, the invalidity of the attorney's fees provision, and the insufficiency of the evidence to support the jury's verdict on conservatorship. The court verbally denied her motion for new trial after a hearing on September 15, 2003, but expressly reserved ruling on Sondra's motion to vacate the arbitration award, and again reserved ruling on Sondra's motion for a best interest hearing. The judge made clear, however, that a final judgment had already been entered in the modification proceeding.[1] Sondra never re-set her motion to vacate or her motion for a best interest hearing, and the record does not show she ever requested a ruling on either motion. The trial court did not rule on either motion before its plenary power expired on October 16, 2003.[2] Sondra timely filed notice of appeal from the order entered July 3, 2003.

---

1. During the preliminary stage of the appeal, Sondra filed a motion to abate the appeal arguing that there was no final judgment because the court had expressly reserved ruling on her motion for a best interest hearing and motion to vacate the arbitration award. In an order issued February 13, 2004, this Court denied her motion to abate because even if the trial court had intended to rule on those two motions, it lost plenary power on October 16, 2003, and no longer had jurisdiction to address the merits of the motions.

2. Sondra's motion for new trial was overruled by operation of law on September 16, 2003. *See* Tex.R. Civ. P. 329b(c). On October 10, 2003, within its plenary power, the court signed a written order denying the motion for new trial that reiterated it was "reserv[ing] ruling on [Sondra's] Motion for Evidentiary Hearing pursuant to § 153.0071(b) of the Tex-

## ANALYSIS

■ As a preliminary matter, Clarence Kahlig filed a motion to strike certain documents from the clerk's record during the pendency of this appeal. Clarence argues that documents filed prior to the April 3, 2001, divorce decree are not relevant to the modification proceeding, and their inclusion in the clerk's record is contrary to the trial court's ruling that only post-divorce evidence was admissible. The inclusion of a document in the clerk's record does not necessarily mean it is relevant to the merits of the appeal, and an appellate court is free to disregard any irrelevant portions of the clerk's record. *Roventini v. Ocular Sciences, Inc.*, 111 S.W.3d 719, 726 (Tex.App.-Houston [1st Dist.] 2003, no pet.). Accordingly, the motion to strike is denied.

On appeal, Sondra Kahlig asserts three [3] issues: (1) the trial court erred in entering a final judgment without conducting an evidentiary hearing to determine whether the arbitration award was in the child's best interest; (2) the court erred by confirming the arbitration award because it denies her open access to the courts; and (3) the court erred by confirming the arbitration award because the arbitrator showed evident partiality and exceeded his authority. We will address each issue in turn.

### BEST INTEREST HEARING

■ Sondra makes numerous arguments that the trial court erred in entering its final judgment confirming Arbitration Award No. 6 without first holding an evidentiary hearing to determine whether the arbitration award was in C.A.K.'s best interest pursuant to § 153.0071(b) of the Texas Family Code.[4] *See* TEX. FAM.CODE ANN. § 153.0071(b) (Vernon 2002). Clarence responds that Sondra waived any right to a best interest hearing by the express terms of the arbitration agreement, or, alternatively, Sondra failed to preserve error. We agree.

■ "In Texas, 'arbitration' is generally a contractual proceeding by which the parties to a controversy, in order to obtain a speedy and inexpensive final disposition of the disputed matter, select arbitrators or judges of their own choice, and by consent, submit the controversy to these arbitrators for determination." *Porter & Clements, L.L.P. v. Stone*, 935 S.W.2d 217, 221 (Tex.App.-Houston [1st Dist.] 1996, no writ); *see also Alderman v. Alderman*, 296 S.W.2d 312, 315 (Tex.Civ.App.-San Antonio 1956, writ ref'd). An arbitration clause is interpreted under contract principles and its language will be enforced according to its plain meaning unless that would defeat the parties' intent. *Porter & Clements*, 935 S.W.2d at 220. If the contract is worded in such a way that it may be given a certain or definite legal interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex.1995).

---

as Family Code and her Application to Vacate Arbitrator's Award, so that counsel may examine the reporter's record of the trial." The court's plenary power expired on October 16, 2003, thirty days after the motion for new trial was overruled by operation of law. *See* TEX.R. CIV. P. 329b(e).

3. By order issued October 5, 2004, the court granted Sondra's motion to withdraw her first issue challenging the factual sufficiency of the

evidence to show a "material and substantial change" in the child's circumstances, and dismissed that issue from the appeal.

4. Sondra does not challenge any specific provision of Arbitration Award No. 6 as not being in the child's best interest; therefore, we do not review the substance of the award's modifications to the parents' management rights and time access.

Here, Sondra and Clarence signed an agreement for binding arbitration that provides in relevant part:

> Both parties renounce and waive and estop themselves from asserting that the arbitrator's decisions made pursuant to this Agreement are not in the best interest of the child, and each party **_waives the right to a judicial determination_** that the arbitrator's award is not in the best interest of the child. [emphasis added]

 The plain language of this provision expressly waives both parties' rights to assert the arbitrator's decisions are not in the best interest of the child and to seek judicial review. A party's express renunciation of a known right can establish waiver. *Tenneco, Inc. v. Enterprise Prod. Co.,* 925 S.W.2d 640, 643 (Tex.1996). Absent fraud, misconduct, or gross mistake, none of which Sondra claims, the express waiver by parties to an arbitration agreement of a right to judicial review is permissible and effective. *See Grissom v. Greener & Sumner Constr., Inc.,* 676 S.W.2d 709, 711 (Tex.App.-El Paso 1984, writ ref'd n.r.e.).

 Sondra argues it is against public policy to permit her to contract away the right to a best interest hearing. We disagree. It is the state's policy to encourage peaceful resolution of disputes, particularly those involving the parent-child relationship, including mediation of issues involving conservatorship, possession and child support. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.002 (Vernon 1997). An arbitration award has the same effect as a judgment of a court of last resort, and is conclusive on the parties as to all matters of fact and law. *CVN Group, Inc. v. Delgado,* 95 S.W.3d 234, 238 (Tex.2002). "Subjecting arbitration awards to judicial review adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolv-

ing disputes." *Id.* Pursuant to that public policy of encouraging arbitration, review of an arbitration award is so limited that it may not be vacated even if there is a mistake of fact or law. *Stieren v. McBroom,* 103 S.W.3d 602, 605 (Tex.App.-San Antonio 2003, pet. denied). We hold Sondra waived her right to a best interest hearing by the express terms of the arbitration agreement.

Moreover, the record shows that the child's best interest was adequately protected by both the arbitrator and court. The arbitration agreement contemplates the arbitration proceeding would be conducted in the nature of a trial, with witnesses and evidence being presented to the arbitrator *in lieu of* a judicial proceeding. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.047–.051 (Vernon Supp.2004–2005) (providing that an arbitration hearing includes the right to testify, present evidence and sworn witnesses, and cross-examine witnesses, the right to be represented by an attorney, and the right to depose and subpoena witnesses). Here, Arbitration Award No. 6 recites that it is based in part on the evidence from the jury trial on modification of conservatorship. The parties agree that the arbitrator heard all the expert testimony presented at trial, or reviewed the transcripts, and then heard additional evidence presented during the two days of arbitration. In fact, the arbitrator's grant of 70/30 possession to Clarence and Sondra, respectively, tracks the recommendation which was presented at trial by the court-appointed psychologist, Dr. Gunzburger. Moreover, a judicial finding that the arbitration award is in the child's best interest is implicit in the court's judgment. The judgment states, "[t]he Court finds that the following orders are in the best interest of the child," and then proceeds to "approve

and incorporate" Arbitration Award No. 6 in its entirety. The record shows that the child's best interest was adequately protected.

Finally, Sondra argues that the trial court had an independent duty under § 153.0071(b) to hold a best interest hearing before confirming the arbitration award. Sondra asserts that the plain language of § 153.0071(b) requires the court to hold a hearing to determine whether an arbitrator's award is in the best interest of the child before it may enter an order confirming the arbitration award. She cites two cases, neither of which support her argument. The first case, *Stieren v. McBroom,* is a child support modification case in which a best interest hearing was held on a motion to vacate the arbitration award. *Stieren,* 103 S.W.3d at 606. In *Stieren,* unlike the instant case, the motion to vacate was filed before confirmation of the arbitration award. *Id.* at 605. The trial judge in *Stieren* had not previously heard any evidence on the merits of the child support modification and the best interest of the child, and granted an evidentiary hearing on the motion to vacate. *Id. Stieren* does not stand for the proposition that a best interest hearing is always required before an arbitration award may be confirmed. The second case cited by Sondra, *Considine v. Considine,* holds simply that before conservatorship or possession may be modified, the court must conduct a hearing with the admission and consideration of evidence. *Considine v. Considine,* 726 S.W.2d 253, 254 (Tex.App.-Austin 1987, no writ). The court in *Considine* reversed a default judgment modifying conservatorship because there was no evidence presented to support the modification. *Id.* That is not the case here, as the court had heard 15 days of testimony on the best interest of the child with respect to modification of the conservatorship.

The trial court has been granted the authority, when properly invoked by a party, to substitute its judgment for that of the arbitrator in determining whether the award is in the best interest of the child. *See* Tex. Fam.Code Ann. § 153.0071(b); *see also Stieren,* 103 S.W.3d at 605 (noting legislature made a decision to grant trial court power to substitute its judgment for arbitrator's judgment in the limited context of suits affecting the parent-child relationship). Section 153.0071(b) provides, "[i]f the parties agree to binding arbitration, the court *shall* render an order reflecting the arbitrator's award *unless* the court determines at a non-jury hearing that the award is not in the best interest of the child." Tex. Fam.Code Ann. § 153.0071(b) (emphasis added); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 171.087 (Vernon Supp.2004–2005) (stating, "[u]nless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, *shall* confirm the award") (emphasis added). The party challenging the arbitration award must request the best interest hearing and must obtain a ruling on its request in order to invoke the right to a hearing and preserve error. *See* Tex. R.App. P. 33.1(a)(1),(2).

■■■ Here, the record shows the trial court was ready to rule on Sondra's motion for a best interest hearing on two separate occasions, but Sondra asked for a delay and the court expressly reserved ruling on each occasion. The trial court's plenary power ultimately expired without a ruling ever being made on Sondra's motion for a best interest hearing. We hold Sondra waived any error by failing to obtain an express or implicit ruling on her motion for a best interest hearing. Tex.R.App. P. 33.1(a)(2)(A); *see GJR Mgmt. Holdings,*

*L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 260 (Tex.App.-San Antonio 2003, pet. denied); *Cherry v. Lee*, 899 S.W.2d 329, 331 (Tex.App.-Houston [14th Dist.] 1995, no writ) (nothing is preserved for review where trial judge does not rule on motion and no objection is made to court's failure to rule).

Accordingly, we hold that Sondra waived her right to a § 153.0071(b) best interest hearing in the express provisions of the arbitration agreement, and by failing to obtain a ruling on her request for the hearing.

### OPEN ACCESS TO COURTS

█ In her next issue, Sondra argues that the clause in the arbitration award that requires her to pay $131,743 in attorney's fees to Clarence only if she seeks review or modification of the judgment is unconstitutional because it deprives her of open access to the courts. *See* TEX. CONST. art. I, § 13. Clarence responds that the assessment of attorney's fees does not bar or punish Sondra for seeking judicial review, but merely provides a permissible financial incentive to refrain from further litigation. We agree.

The court's judgment confirmed and adopted Arbitration Award No. 6 in its entirety. A provision of the award orders Sondra to reimburse Clarence for $522,742.95 in attorneys' fees, expert fees and court costs incurred by him during the modification proceeding. The award provides an offset of $391,000.00 for money Clarence owes to Sondra,[5] leaving a balance of $131,742.95 owed by Sondra. Son-

dra does not challenge the assessment of attorney's fees against her, or the amount assessed, only the payment provision that states when such amount becomes due and payable.

The challenged clause states:

The balance of $131,742.95, plus interest at the rate of 10% per annum from the date of this Award until paid, shall be due and payable from Ms. Kahlig to Mr. Kahlig on the date Ms. Kahlig files any motion to reconsider, motion for new trial, or appeal to [sic] the judgment of the Court in her most recent motion to modify, or any subsequent motion to modify in suit affecting parent-child relationship pertaining to [C.A.K.], or any request for relief, from either the Court or this Arbitrator, in an attempt to increase her periods of possession and access to [C.A.K.], or to secure greater rights and duties than those apportioned to her in this Award [Arbitrator's Award No. 6].

The award of ... $131,742.95 shall be remitted (*i.e.,* rendered not due and owing) in its entirety (principal and interest), and will no longer be due and owing to Mr. Kahlig by Ms. Kahlig, on the occurrence of any of the following:

1. In the event the parties agree to any modification of Ms. Kahlig's periods of possession and access after December 31, 2008, without Ms. Kahlig filing a request for relief; or

2. Ms. Kahlig does not file any of the above requests for relief prior to the occurrence of those events which would normally terminate a party's

---

**5.** At oral argument, Sondra's attorney raised a new argument that the offset provision of the attorney's fees award interferes with the parties' property settlement agreement in the divorce decree, and that the arbitrator therefore exceeded his powers. This argument was not briefed, and a new issue may not be

presented for the first time at oral argument. *See* TEX.R.APP. P. 38.1(e), 39.2; *see also Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex.1990); *Flagship Hotel, Ltd. v. City of Galveston*, 117 S.W.3d 552, 563 n. 2 (Tex.App.-Texarkana 2003, pet. denied).

obligation for child support (*See,* Sec. 154.001, Tex. Fam.Code Ann.).

■ In the trial court, Sondra did not raise her constitutional argument that the payment clause denies her open access to the courts; therefore, she has waived it on appeal. Tex.R.App. P. 33.1(a)(1); *see Grissom,* 676 S.W.2d at 711; *Kline v. O'Quinn,* 874 S.W.2d 776, 791 (Tex.App.-Houston [14th Dist.] 1994, writ denied) (opin. on motions for reh'g) (constitutional argument was waived by party's failure to present it in trial court). In addition, her claim would fail on its merits because the payment provision does not impose any additional financial obligation or "punishment" on Sondra if she seeks judicial review or modification. She is liable for the attorney's fees and court costs under the terms of the arbitration agreement. The assessment of court costs and attorneys fees against the non-prevailing party is not a "punishment," but rather a routine procedure. *See* Tex.R. Civ. P. 131, 139. The payment clause does not foreclose Sondra's access to the courts, or punish her for exercising her right to appeal or to initiate further modifications. Rather, it merely provides a financial incentive to cease further litigation.

### Arbitrator's Authority and "Evident Partiality"

■ In her last issue, Sondra asserts the arbitrator exceeded his authority and exhibited "evident partiality" in his assessment of attorney's fees against her, thereby requiring the award be vacated. Clarence responds that under the terms of the arbitration agreement, the arbitrator had the express authority to assess attorney's fees against the party seeking modification, and Sondra failed to present any evidence of partiality by the arbitrator that would warrant vacating the award of attorney's fees. Again, we agree.

■ Section 171.087 of the Texas Arbitration Act provides that upon application of a party, the court shall confirm the arbitration award unless grounds are offered for vacating, modifying or correcting the award under § 171.088. *See* Tex. Civ. Prac. & Rem.Code Ann. § 171.087. Sondra's motion to vacate the arbitration award, filed after the award was confirmed by the court, alleged two statutory grounds under § 171.088:(1) that the payment provision revealed the arbitrator's evident partiality toward Clarence, and (2) exceeded the arbitrator's power. *See* Tex. Civ. Prac. & Rem.Code Ann. § 171.088(a)(2)(A), (a)(3)(A) (Vernon Supp.2004–2005). Even though a hearing was held on Sondra's motion to vacate the arbitration award, the trial court never ruled on the motion and Sondra never objected to its failure to rule. Therefore, Sondra has not preserved any error with respect to the statutory grounds for vacating the attorney's fees award. Tex.R.App. P. 33.1(a)(2)(A); *see GJR Mgmt.,* 126 S.W.3d at 260; *Kline,* 874 S.W.2d at 790–91 (non-prevailing party in arbitration must raise grounds to vacate the arbitration award in the trial court in order to be able to present those grounds on appeal).

■ Moreover, the record does not contain any evidence that the arbitrator exceeded his authority or exhibited partiality or bias. Section 171.048(c)(1) of the Texas Arbitration Act states the arbitrator shall award attorney's fees if the fees are provided for in the arbitration agreement. Tex. Civ. Prac. & Rem.Code Ann. § 171.048(c)(1). Section 1.04 of the arbitration agreement authorizes the arbitrator "at his own discretion and taking into consideration which party initiated the arbitration, [to] make a binding arbitration award requiring either party to pay costs, legal fees or expert fees of the other party." The authority of an arbitrator is de-

rived from the arbitration agreement and is limited to a decision of the matters submitted to arbitration, either expressly or by necessary implication. *Barsness v. Scott*, 126 S.W.3d 232, 241 (Tex.App.-San Antonio 2003, pet. denied) (quoting *Gulf Oil Corp. v. Guidry*, 160 Tex. 139, 327 S.W.2d 406, 408 (1959)). An arbitrator therefore exceeds his authority only when he decides a matter not properly before him. *Id.* The challenging party has the burden to establish facts showing the arbitrator exceeded his power and there is no such evidence here. By the express terms of the arbitration agreement, the arbitrator clearly had authority to assess attorney's fees and costs against Sondra. Moreover, Sondra agreed to the arbitrator's assessment of the attorney's fees and court costs in this particular modification proceeding.[6]

 Furthermore, an arbitration award alone cannot establish "evident partiality" by the arbitrator under § 171.088(a)(2)(A). *City of Baytown*, 886 S.W.2d at 520 (losing result by itself was not evidence of partiality by arbitrator). A party seeking to vacate an arbitration award has the burden to bring forth a sufficient record to establish any basis, including constitutional grounds, that would warrant vacating the award. *GJR Mgmt.*, 126 S.W.3d at 263; *Kline*, 874 S.W.2d at 790–91. The party must prove the existence of facts that would establish a reasonable impression of the arbitrator's partiality to one party, such as an interest in the outcome or a relationship with a party. *City of Baytown*, 886 S.W.2d at 520. Here, there is no transcript of the arbitration proceedings and there is no

evidence of partiality by the arbitrator in the record. *See Grissom*, 676 S.W.2d at 711–712 (failure to supply transcript of arbitration proceeding, or court hearing, caused party to fail to meet its burden on motion to vacate).

Accordingly, we hold that Sondra waived her right to a best interest hearing, and failed to preserve error on the award of attorney's fees. *See* TEX.R.APP. P. 33.1(a)(1),(2). In addition, Sondra failed to present any evidence that the arbitrator exceeded his powers or exhibited evident partiality toward Clarence.

Based on the foregoing reasons, we affirm the trial court's judgment.

---

6. The court held three hearings on whether the assessment of attorney's fees and court costs from the modification proceeding would be arbitrated or tried to the jury. The court finally agreed to permit the issue to be submitted to both the jury and the arbitrator, and to allow the parties to choose between the two decisions. Sondra subsequently withdrew her request for the jury to assess the court costs and attorney's fees, and agreed to submit the issue to the arbitrator.