Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00344-CV

In the **INTEREST OF C.A.K.**

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2000-CI-05451
Honorable Barbara Nellermoe, Judge Presiding

Opinion by:      Steven C. Hilbig, Justice

Sitting:          Catherine Stone, Chief Justice
                  Karen Angelini, Justice
                  Steven C. Hilbig, Justice

Delivered and Filed:    June 24, 2009

AFFIRMED

Sondra Grohman appeals the trial court's judgment confirming an arbitration award that requires her to pay fees to Mary Bullock and San Antonio Kids Exchange for providing Parenting Coordinator services and requires Grohman to pay the attorney's fees incurred by Bullock and Kids Exchange in the arbitration. We affirm the judgment.

### BACKGROUND

Grohman and Clarence Kahlig were divorced in 2001. The agreed final divorce decree appointed Grohman and Kahlig joint managing conservators of their child, C.A.K. The parties signed

a contemporaneous arbitration agreement that provided for binding arbitration under the Texas Arbitration Act to resolve any disputes regarding possession or conservatorship of C.A.K., with the exception of designation of joint or sole managing conservatorship and primary residence. The agreement authorizes the arbitrator to "award any modification of possession or the rights and duties of [the parties] that would be in the best interest of the child."

Grohman and Kahlig subsequently filed cross petitions seeking to be appointed sole managing conservator. In 2003, after a lengthy trial, a jury found Kahlig should be designated sole managing conservator of C.A.K. *In re C.A.K.*, 155 S.W.3d 554, 557-58 (Tex. App.—San Antonio 2004, pet. denied). Pursuant to the arbitration agreement, Grohman and Kahlig then arbitrated their management and access rights. *Id.* at 558. The arbitrator's June 2003 award determined it was in C.A.K.'s best interest to spend 70% of his time with Kahlig and 30% with Grohman and made other modifications to the parents' rights and duties. *Id.* The arbitration award was confirmed by the trial court and affirmed by this court on appeal. *Id.* at 558, 564.

Numerous sessions with the arbitrator followed, and in a September 2004 award, the arbitrator found Grohman had committed multiple violations of prior awards, "demonstrated that she has not accepted the testimony of numerous professionals regarding her conduct, nor the results of the various arbitration hearings and trial, that have taken place since the parties' divorce," and that "[s]uch failure has resulted in a continuous legal battle which places [C.A.K.] between his parents, and . . . is clearly not in his best interest." As a result, the arbitrator mandated Grohman's periods of possession with C.A.K. be supervised and appointed Mary Bullock as Parenting Coordinator.

The award sets forth the duties of the Parenting Coordinator to include providing parenting education to both parents, resolving the day-to-day possession and access disputes between the

parties, serving as the conduit for oral and written communications between the parties, and providing the supervision of Grohman required by the award. The award authorized Bullock to delegate any of the duties required of her. The arbitrator ordered Grohman and Kahlig to each pay one-half of the cost of any joint sessions with the Parenting Coordinator, and ordered Grohman to pay all of Parenting Coordinator's other fees. The award specifically ordered Grohman to "timely pay such advances and outstanding fees are [sic] as required by the PC," and stipulated that "[f]ailure to pay the PC will be considered a failure to cooperate with the PC and a violation of the award." Grohman and Kahlig were ordered to cooperate with the Parenting Coordinator and the award authorizes Bullock to terminate periods of possession between Grohman and C.A.K. if Grohman is in violation of the award. The award resolved various other issues and was later confirmed by the trial court. On appeal, this court reversed a portion of the judgment that confirmed an arbitration award ordering Grohman to pay her own attorneys, but affirmed the remainder of the judgment. *In re C.A.K.*, No. 04-05-00487-CV, 2006 WL 12698 (Tex. App.–San Antonio Jan. 4, 2006, pet. denied).

Pursuant to the authority given her in the September 2004 arbitration award, Bullock designated San Antonio Kids Exchange to provide supervision of Grohman's periods of possession and of telephone calls between Grohman and C.A.K. Grohman disputed some of Bullock's and Kids Exchange's fees and the conditions they placed on Grohman's supervised possession of C.A.K. These matters were arbitrated, and in a December 15, 2005 award, the arbitrator ruled Grohman's periods of possession would remain supervised and all exchanges of possession would occur at Kids Exchange. He further ordered that Grohman and Kahlig "are to pay any Kids Exchange invoices in full at the time they are presented to them for payment by Kids Exchange. Such invoices may contain

charges for services, supervised visitation, courier, etc. Failure to remain current with regard to such charges may result in elimination or cessation of one or more visitation periods."

Grohman moved to remove Bullock as Parenting Coordinator, and in January 2006, the trial court referred the motion and Grohman's objections to Bullock's and Kids Exchange's fees to the arbitrator. At the referral hearing in the trial court, Grohman's attorney argued that issues regarding Grohman's access to C.A.K. and the fee disputes should be arbitrated together because the issues are "bundled together." The arbitration was scheduled for January 24, 2006, but did not occur because Grohman failed to pay her share of the arbitration deposit. Instead, in February, Grohman's attorney sent the arbitrator a letter asking him "to clarify in writing that neither Ms. Bullock, Kids Exchange, nor their attorneys are parties to the Arbitration Agreement and that none of them have standing to complain, respond, file requests, seek relief, or otherwise loiter in this arbitration forum." The arbitrator addressed this issue in a February 15, 2006 arbitration award, ruling that Bullock, as the Parenting Coordinator, is a party to the arbitration and had the right to retain counsel and to address contested issues in the arbitration. In June 2006, the trial court rendered a judgment that confirmed the December 15, 2005 and February 15, 2006 arbitration awards, including the findings and rulings discussed above. Grohman did not appeal that judgment and it is final.

In July 2006, Grohman filed an emergency motion in the trial court seeking to replace Bullock as Parenting Coordinator and alleging Grohman's rights were being violated because Bullock temporarily suspended supervision services due to Grohman's failure to pay Bullock's fees. The trial court referred the matter to arbitration. During the course of the arbitration, Grohman, despite her attorney's earlier "bundling" argument, asserted the arbitrator had no authority to decide the fee dispute. In response, Bullock filed a motion in the trial court asking the trial court to confirm

its previous referral of the financial disputes to arbitration. Grohman objected, and after an evidentiary hearing, the court found it had referred all financial disputes between Grohman, Bullock, and Kids Exchange to binding arbitration on January 6, 2006. The court reaffirmed the referral, finding the arbitrator had appointed Bullock "pursuant to an arbitration award for the best interests of [C.A.K.] and these financial disputes arise therefrom."

The arbitrator found Bullock and Kids Exchange had provided reasonable and necessary services to Grohman, Kahlig, and C.A.K. pursuant to the earlier arbitration awards appointing Bullock Parenting Coordinator, setting forth her duties, and authorizing her to designate third parties to provide supervision services. He found that before the arbitration began on November 21, 2006, Grohman failed and refused to pay the billed fees. He found $7,602.50 to be the amount of billed and unpaid reasonable fees, costs, and expenses for the services provided by Bullock for the benefit of Grohman and C.A.K. and $7,386.38 to be the amount of billed and unpaid reasonable fees, costs, and expenses for the services provided by Kids Exchange for the benefit of Grohman and C.A.K. The arbitrator awarded Bullock and Kids Exchange their unpaid fees, the attorney's fees they incurred in resolving the fee dispute, and their costs. Over Grohman's objection, the trial court rendered a judgment adopting the arbitrator's findings and confirming his award.

## DISCUSSION

Grohman brings one issue on appeal, asserting the trial court erred "by allowing nonparties to inject themselves into a divorced couple's agreement to arbitrate possession and conservatorship disputes, thereby circumventing judicial procedures to determine the justness and reasonableness of a statement on an open account." Grohman makes numerous assertions that the trial court erred in referring the issue to the arbitrator, the arbitrator exceeded his authority, and the trial court erred in

confirming the award. Essentially, however, Grohman appears to be complaining that (1) her fee dispute with Bullock[1] is not within the scope of a valid arbitration agreement; (2) she may not be compelled to arbitrate disputes with Bullock because she is not a party to the arbitration agreement; and (3) the arbitrator acted outside his authority in awarding attorney's fees.

Whether an agreement imposes a duty to arbitrate is a question of law we review *de novo*. *In re C& H News Co.*, 133 S.W.3d 642, 645 (Tex. App.–Corpus Christi 2003) (orig. proceeding). In determining whether a claim falls within the scope of an arbitration agreement, we focus on the factual allegations and resolve any doubts in favor of coverage. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 754 (Tex. 2001). Kahlig and Grohman's arbitration agreement provides the arbitrator "shall make by binding arbitration award any modification of possession or the rights and duties of [the parties] that would be in the best interest of the child." This agreement "broadly authorizes the arbitrator to make any modification to [Grohman's] rights that would be in C.A.K.'s best interests." *C.A.K.*, 2006 WL 12698, at *1 (affirming judgment that confirmed arbitration award that, *inter alia*, ordered Grohman to pay psychologist's fees, and holding arbitrator had authority to enter award requiring Grohman to obtain leave from arbitrator before filing any further complaints or grievances against mental health care professionals because such modification of her rights was in C.A.K.'s best interests).

The terms and conditions of Grohman's possession of and access to C.A.K. are matters expressly within the scope of the arbitration agreement. In arbitrating the disputes between Grohman and Kahlig regarding the terms and conditions of Grohman's possession of C.A.K., the arbitrator found it to be in C.A.K.'s best interest to appoint Bullock as Parenting Coordinator, and authorized

---

[1] Throughout the argument portions of her brief, Grohman refers to and discusses Bullock and Kids Exchange collectively as "Bullock." We adopt this reference.

her to delegate some of her supervisory duties to Kids Exchange. In previous final and binding arbitration awards, the arbitrator mandated Grohman's periods of possession be supervised, authorized Bullock to charge Grohman for her services, ordered Grohman to pay the invoices in full when presented, and authorized Bullock to condition Grohman's periods of possession on timely payment of the fees billed. It appears[2] Grohman's dispute regarding the fees primarily concerns the manner in which Bullock performed the coordinating and supervisory services required by the earlier arbitration awards – she complains the fees were for services of "poor quality," contends Bullock had a conflict of interest, objects to signing a form Bullock required as a condition of providing services, and objects to Bullock's temporary suspension of services when Grohman failed to pay the fees. Grohman's obligation to pay the Parenting Coordinator's fees and her disputes about the propriety of the fees necessarily relate to her possession of C.A.K. and her rights and duties as possessory conservator. Grohman's attorney recognized this when he argued to the trial court in January 2006, that issues regarding Grohman's access to C.A.K. and the fee disputes should be arbitrated at the same time because the issues are "bundled together." Accordingly, we hold the fee dispute is within the scope of Grohman's and Kahlig's arbitration agreement.

Grohman nevertheless contends Bullock may not compel her to arbitrate the dispute because Bullock is not a party to the arbitration agreement. "A person who has agreed to arbitrate disputes with one party may in some cases be required to arbitrate related disputes with others." *Meyer v. WMCO-GP, LLC*, 211 S.W.3d 302, 304 (Tex. 2006). Arbitration may be required even when the agreement contains phrases such as "between the parties" or when the motion to compel arbitration

---

[2] Grohman did not bring forward the record made of the arbitration proceedings, which presumably reflects her precise objections to the fees. We have attempted to glean the substance of Grohman's objections to payment of the fees from statements in Grohman's emergency motion to remove Bullock as Parenting Coordinator and from statements in her appellate brief.

is filed by a non-signatory and is not joined by a signatory. *Id.* at 305, 306-07. A nonsignatory may compel arbitration of a signatory's claims that arise out of and relate directly to the agreement containing the arbitration clause. *Meyer*, 211 S.W.3d at 306 (citing *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 527 (5th Cir.), *cert. denied*, 531 U.S. 1013 (2000)); *see also*, *In re Polymerica, LLC*, 271 S.W.3d 442, 447-449 (Tex. App.–El Paso 2008, orig. proceeding [mand. pending]) (holding that signatory who sought and received substantial benefits under arbitration agreement could be compelled to arbitrate claim against non-signatory that arose under agreement).

After the September 2004 arbitration award, Bullock's duties included resolving the day -to-day possession and access disputes between Grohman and Kahlig, serving as a conduit for oral and written communications between them, determining, within limitations, the amount and nature of supervised possession Grohman could have with C.A.K., and facilitating telephone conversations between Grohman and C.A.K. These duties arose out of and are related directly to the parents' arbitration agreement. Under the unique circumstances of this case, we hold Grohman may be compelled to arbitrate Bullock's claim for fees and Grohman's objections to paying the fees.

Lastly, Grohman contends the award of attorney's fees in favor of Bullock exceeded the arbitrator's authority. Section 171.048(c) of the Texas Civil Practice and Remedies Code provides:

> The arbitrators shall award attorney's fees as additional sums required to be paid under the award only if the fees are provided for:
>
> (1) in the agreement to arbitrate; or
>
> (2) by law for a recovery in a civil action in the district court on a cause of action on which any part of the award is based.

TEX. CIV. PRAC. & REM. CODE ANN. § 171.048(c) (Vernon 2005). Bullock was entitled to an award of fees under both of these provisions. The arbitration agreement authorizes the arbitrator, "at his

own discretion and taking into consideration which party initiated the arbitration," to "make a binding arbitration award requiring either party pay costs, legal fees or expert fees of the other party." The provision clearly contemplates a fee award in favor of the *opposing party* in the arbitration. As we have held, Bullock and Kids Exchange were proper parties to the arbitration. Under the terms of the arbitration agreement, the arbitrator acted within his discretion in making a binding fee award. Moreover, because Bullock prevailed on a claim for services rendered, she would have been entitled to attorney's fees under section 38.001 of the Civil Practice and Remedies Code had she filed a civil action in court. Accordingly, the attorney's fee award is also authorized by section 171.048(c)(2).

We overrule Grohman's issue and affirm the trial court's judgment.


Steven C. Hilbig, Justice