Affirmed and Memorandum
Opinion filed September 29, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-01095-CV

_______________

 

IN THE INTEREST OF E.B.L.G., H.L.L.G., AND N.L.G.

 

 

                                                                  
                  

On Appeal from the 257th District Court

Harris County, Texas

Trial Court Cause No. 1999-53560

                                                                       
             

 

M E M O R A N D U M   O P I N I O N








In this suit affecting the parent-child relationship,
appellant, Lynn G., appeals from the trial court=s order affirming a post-divorce
arbitration award.  In five issues, Lynn argues (1) the trial court erred in
not hearing and ruling on fourteen Amotions,@ (2) the trial court and the
arbitrator erred in not considering Lynn=s evidence of family violence and
ordering her to arbitration despite such evidence, (3) the trial court erred in
appointing Mary Sean O=Reilly as an arbitrator because she had acted as a Ade facto@ mediator in the case, (4) the
arbitrator erred in refusing to grant a continuance based on pleadings and
evidence missing from the court=s files, and (5) the arbitrator acted beyond her power and
the trial court therefore erred in refusing to vacate the award.  Because all
dispositive issues of law are settled, we issue this memorandum opinion and
affirm. See Tex. R. App. P. 47.4.

I.  Background

Lynn and Joseph G. began divorce proceedings in 1999.  As
part of those proceedings, they executed a Mediated Settlement Agreement (MSA)
in which they agreed on certain terms of the divorce and left other matters for
trial to the court.  On September 19, 2002, the court signed the Final Decree
of Divorce, which incorporated the agreed terms of the MSA and set forth the
court=s rulings on matters tried to the
court.

Starting before the divorce was final, Lynn filed a petition
and amended petitions for enforcement by contempt in which she alleged Joseph
had violated provisions of the temporary orders and the divorce decree.  On
April 2, 2003, Lynn filed a Petition to Modify Parent-Child Relationship and
Request for Temporary Orders.  On February 18, 2005, on Joseph=s opposed Motion for Appointment of
Arbitrator, the court appointed the Honorable Mary Sean O=Reilly as the arbitrator.

On June 8, 2005, Lynn filed an Opposed Motion for Recusal of
Arbitrator, in which she stated she was Ano longer comfortable that the
arbitrator is capable of reaching independent decisions and has lost confidence
in the ability of the arbitrator to make determinations regarding the best
interest of the children the subject of the lawsuit.@








On or around June 15, 2005, Joseph filed an Original Answer
and Counter-Petition to Modify Parent-Child Relationship.  He subsequently
moved the court for an order of referral to arbitration.  He represented that
the parties= attorneys had met with Judge O=Reilly, but that Lynn had refused to
arbitrate and refused to sign any documents that would facilitate arbitration. 
On August 26, 2005, the trial court granted Joseph=s motion and issued an order that the
following disputes be arbitrated:  all issues raised in Lynn=s Petition to Modify Parent-Child
Relationship and Joseph=s Counter-Petition that related to (1) parental rights and
duties of the parties, (2) periods of parental possession of the parties= children, (3) rights to make
educational and medical decisions about the parties= children, and (4) extra-curricular
activities of the parties= children.

At a hearing on December 14, 2005, Lynn=s recusal motion was reset for
December 22, 2005.  In the interim, Lynn=s attorney informed Joseph=s attorney that Lynn had decided to
withdraw her request for recusal, and no one appeared before the court on
December 22.

On April 18, 2006, the trial court signed an order confirming
that arbitration was to occur on May 17 and 18, 2006, before Judge O=Reilly.  The arbitration was to cover
Aall issues other than enforcement.@

On May 3, 2006, Lynn filed an AOpposed Supplemental Motion for
Recusal of the Arbitrator.@  Lynn alleged the arbitrator was biased as evidenced by the
arbitrator=s moving the case forward despite the pending motion for recusal and a
pending issue regarding Lynn=s securing a new attorney.

On May 15, 2006, Lynn filed a First Amended Motion for
Recusal of the Arbitrator.  She alleged the following additional evidence of
arbitrator bias:  refusing Lynn=s request to record the May 4, 2006 motion hearing for
continuance and denying Lynn=s motion for continuance immediately after Lynn=s request for a record.  She also
referred to having informed the arbitrator, at the end of the hearing, about
missing Adocuments, pleadings and evidence@ and difficulty securing counsel
because of the missing materials.

Arbitration was held on May 17 and 18, 2006.[1] 
Judge O=Reilly heard and denied Lynn=s subsequent motion to reopen
evidence on June 23, 2006, and signed the binding arbitration award on July 31,
2006.[2]  The award
was then filed on August 4, 2006.








On September 7, 2006, the trial court heard argument on
Joseph=s application for confirmation of the
arbitration award and Lynn=s motion to vacate it.  At the hearing, Lynn urged the
following grounds for vacation:  (1) the arbitrator exceeded her authority; (2)
the arbitrator did not recuse herself and the court did not recuse her; (3) the
arbitrator did not postpone the arbitration when there was a pending motion
challenging the arbitration clause on the ground of fraud in the inducement;
(4) the arbitrator did not reopen evidence when Lynn contended there was
evidence of family violence; and (5) the arbitrator did not consider the best
interests of the children.[3]  The trial
confirmed the order the same day and modified the Final Decree of Divorce to
reflect the arbitration award. 

Lynn filed a motion for new trial, which the trial court
heard and denied.[4]

II.  Discussion

A.  Issue
One: No Hearings or Rulings on Motions

In issue one, Lynn argues, AThe trial court erred in not setting
hearings on or ruling on [fourteen listed motions] and abused its discretion by
not taking action on the motions within a reasonable time.@[5]  The Amotions@ were  (1) petitions for enforcement
by contempt, (2) motions for recusal of the arbitrator, (3) motions for
continuances, and (4) motions for evidentiary hearings on selected motions.








As an initial matter, we observe that Lynn is not complaining
about an adverse ruling by the court.  She also does not point to any place in
the record where she objected to the trial court=s refusal to rule.[6] 
To preserve a complaint for appellate review, Athe record must show . . . the trial
court (A) ruled on the request, objection, or motion, either expressly or
implicitly; or (B) refused to rule on the request, objection or motion, and the
complaining party objected to the refusal.@  Tex. R. App. P. 33.1(a)(2).

Additionally, even were we to assume (and we do not do so)
that the trial court somehow erred or abused its discretion by not acting on
these motions, Lynn has not suggested any remedy for the error.  Her appeal
stems from an order of the court that was based on the arbitration award.  The
enforcement actions were specifically excluded from the arbitration, and the
arbitration award did not include disposition of these actions.  Any inaction
by the court on the motions for enforcement is not relevant to the order Lynn
challenges on appeal.

Finally, with one exception, original proceedings are the
only cases Lynn cites in support of her contention that the trial court was
required to act.[7]  If Lynn is
asking this court to vacate the arbitration award as a result of the court=s lack of action as asserted in issue
one, she has provided no authority to support her request.[8]

For the preceding reasons, we overrule Lynn=s first issue.

 

 








B.  Issue
Two: Purported Lack of Consideration Given to Family Violence

In issue two, Lynn argues (1) the trial court should not have
ordered her to arbitration because she was a victim of family violence and (2)
the arbitrator erred in refusing to hear evidence of family violence in
determining the arbitration award would be in the best interest of the
children.  Lynn=s entire argument on this issue comprises three paragraphs. 
Her only authority is Texas Code of Criminal Procedure Article 5.08, a
provision relating to criminal prosecutions arising from family violence.[9] 
Lynn provides no citation to the appellate record.  See Tex. R. App. P. 38.1(i) (stating appellant=s brief must contain clear and
concise argument for contentions made, with appropriate citations to
authorities and record).








Lynn has not adequately briefed this issue.  See San Saba
Energy, L.P. v. Crawford, 171 S.W.3d 323, 338 (Tex. App.CHouston [14th Dist.] 2005, no pet.) (stating
that, even though courts interpret briefing requirements reasonably and
liberally, parties asserting error on appeal must put forth some specific
argument and analysis citing the record and authorities in support of the
parties= argument).  Accordingly, we overrule
Lynn=s second issue.  See id.

C.  Issue
Three:  Appointment of Judge Mary Sean O=Reilly as Arbitrator

In issue three, Lynn argues the trial court Aerred in appointing Judge O=Reilly as arbitrator for the reason
that she had previously served in the de facto capacity of mediator contrary to
the holding of In re Cartwright.@  See 104 S.W.3d 706 (Tex.
App.CHouston [1st Dist.] 2003, orig.
proceeding).  In Cartwright, a couple proceeded through two lawsuits
after a divorce.  See id. at 708.  The former wife filed a lawsuit
stating various property claims, and the former husband later filed a suit
affecting the parent child relationship (SAPCR).  Id. at 708.  The two
suits were consolidated, and Judge O=Reilly, the same judge who arbitrated
the present case, mediated the Cartwright SAPCR.  See id. at
710.  The trial court subsequently ordered the parties to arbitrate the
property claims before Judge O=Reilly.  Id.  The former husband filed a petition for
writ of mandamus, arguing Judge O=Reilly should not arbitrate the
property issues because she had been privy to confidential information during
mediation of the related SAPCR.  Id. at 713.  The court of appeals
agreed, stating,

The mediation process encourages candid disclosures,
including disclosures of confidential information, to a mediator.  It is the
potential for the use of that confidential information that creates the problem
when the mediator, over the objection of one of the parties, becomes the
arbitrator of the same or a related dispute.  Just as it would be improper for
a mediator to disclose any confidential information to another arbitrator of
the parties= dispute, it is also improper for the mediator to act
as the arbitrator in the same or a related dispute without the express consent
of the parties.

 

Id. at 714.








In the present case, however, the trial court did not appoint
Judge O=Reilly as a mediator, but solely as
an arbitrator.  Although Lynn complains Judge O=Reilly interviewed the parties, the
children, and other witnesses and conducted ex parte meetings, she points to
nothing in the record that would suggest confidential information was exchanged
in these meetings.[10]  Cartwright
is inapposite.

Additionally, in her motions to recuse Judge O=Reilly, Lynn never alerted the trial
court to the complaint she raises in issue three.  The trial court appointed
Judge O=Reilly on February 18, 2005.  On June
8, 2005, Lynn filed a motion to recuse Judge O=Reilly, stating she Awas no longer comfortable that the
arbitrator is capable of reaching independent decisions and has lost confidence
in the ability of the arbitrator to make determinations regarding the best
interest of the children the subject of the lawsuit.@  Before the date set for a hearing
on the motion, Lynn=s attorney informed Joseph=s attorney that Lynn was no longer
pursuing the motion, and no one appeared at the hearing.








On May 3, 2006, Lynn filed a pro se supplemental motion for
recusal of the arbitrator, in which she characterized her June 8 motion as a AMotion to Recuse for Bias@ and alleged additional incidents had
Aoccurred to further the bias of the
arbitrator.@  The gravamen of her complaint was the arbitrator=s continuing Ato move forward and proceed with
attempting to set the arbitration before the Movant has had her opportunity to
present her [June 8] Motion to this  Court.@  Lynn also alleged her former
attorney set the arbitration dates without her knowledge.

Finally, on May 15, 2005, Lynn, again pro se, filed a first
amended motion for recusal of the arbitrator.  She alleged additional bias as
evidenced by (1) refusing Lynn=s request to record a May 4, 2006 motion for continuance and
(2) denying the motion for continuance immediately after the request for a
record.  In the motion, Lynn also referred to having informed the arbitrator
about missing Adocuments, pleadings and evidence@ and difficulty securing counsel
because of the missing materials.

In short, nothing in Lynn=s three motions to recuse Judge O=Reilly presented the trial court with
the complaint Lynn now presents in issue three.

For the preceding reasons, we overrule Lynn=s third issue.

D.  Issue
Four: Multiple Complaints about the Arbitration 








In issue four, Lynn complains the arbitrator erred (1) by
refusing to grant a continuance for good cause (i.e., pleadings, including the
2003 Petition to Modify the Parent Child Relationship, and evidence being
missing from the court=s file) and counsel=s consequential inability to know
what was pending before the court and the arbitrator, (2) by conducting the
arbitration on issues outside the MSA, and (3) in basing the arbitration award
on information previously obtained while serving in the capacity as a mediator.[11] 
In our discussion of issue five, below, we address whether Judge O=Reilly exceeded the scope of her
power; in our discussion of issue three, above, we addressed whether the
appellate record supports Lynn=s claim that Judge O=Reilly improperly gained information
through a mediation process.  Under issue four, we therefore consider only the
arbitrator=s purported error in not granting a Acontinuance.@

Under the Texas Arbitration Act, A[o]n application of a party, the
court shall vacate an award if . . . the arbitrators . . . refused to postpone
the hearing after a showing of sufficient cause for the postponement.@  Tex. Civ. Prac. & Rem. Code
Ann. ' 171.088(a)(3)(B) (Vernon 2005).[12] 
To support her claim she was erroneously denied a continuance, Lynn provides a
single example:  AActing pro se, [Lynn] at the commencement of the May 17, 2006
arbitration objection to the arbitration going forward >based on what was on file with the
court.=@

Lynn does not provide this court with a citation to the
record.  Nevertheless, we observe that commencement of the proceedings was delayed
on May 17 because Lynn=s attorney had not yet arrived.  Additionally, Lynn requested
arbitration be delayed until the court of appeals ruled on the mandamus she
filed.  Finally, Lynn stated, AAnd I also want to say that I object to this hearing going
forward pursuant to what I have on file with the Court.@

Judge O=Reilly responded by confirming she would wait a few minutes
for counsel to arrive and asked Lynn to identify her attorney:  AI have asked you to identify that
person; and if you are willing to do that, now would be the time to do that. 
If not we=ll await that arrival and delay the evidentiary hearing initiation until
9:30 this morning.@  Lynn did not identify the attorney, but stated she Awould prefer to wait until 9:30.@








After Lynn=s attorney, Rick Ramos, arrived, there was further discussion
of the mandamus proceedings.  Judge O=Reilly confirmed the mandamus was
directed at the judge of the trial court, and proceeded to open the
arbitration, indicating Lynn=s and Joseph=s petitions to modify the parent-child relationship were the
matters to be arbitrated.  Ramos then stated, AMy client has had a difficult time
tracking pleadings and documents that were filed on her behalf in the case.  I
do not have a working copy of the pleading [sic] that were filed on her behalf.@  Judge O=Reilly then provided Ramos with a
copy, and Ramos proceeded to call his first witness without further objection.

On the record and argument before this court, we cannot
conclude Judge O=Reilly=s not having further postponed the arbitration warrants
vacation of the award pursuant to Texas Civil Practice and Remedies Code
section 171.088(a)(3)(B).  For the preceding reasons and those set forth in
sections II. C. and D., we overrule Lynn=s fourth issue.

E.  Issue Five: The Texas Arbitration Act

In issue five, Lynn argues (1) Judge O=Reilly erred by violating the
provisions of the Texas Arbitration Act and (2) the trial court erred by
refusing to vacate the award pursuant to Texas Civil Practice and Remedies Code
section 171.088.  Lynn cites language in the MSA stating that periods of
possession, including Jewish holidays, and child support shall Abe tried to the Court.@  Lynn next contends that, contrary
to this language, the arbitrator exceeded her powers by modifying periods of
possession and changing child support.[13] 
She then reasons the trial court erred by not vacating the award.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 171.088(a)(3)(A) (providing, on
application of party, court shall vacate award if arbitrators exceeded their
powers).








Contrary to Lynn=s representation, the arbitration
award contains nothing to indicate the arbitrator changed the child support
provided in the final divorce decree.  Lynn=s argument regarding periods of possession
overlooks (1) the relationship of the MSA to the final divorce decree and (2)
the arbitration provision in that decree.

Lynn and Joseph signed the MSA on October 30, 2001.  The
trial court subsequently tried the divorce case, and the final divorce decree
incorporates matters on which the parties agreed in the MSA and matters,
including periods of possession and child support, that were tried to the
court.  The final divorce decree also contains the following provision:

IT IS FURTHER ORDERED AND DECREED that, in
the event of disputes regarding periods of possession, extracurricular
activities, or rights and duties of the conservators, the parties shall
submit the dispute for arbitration with a mutually acceptable arbitrator.  If
the parties are unable to agree to a mutually acceptable arbitrator, the Court
will appoint an arbitrator upon application of a party.[14]

 

Thus, the final decree of divorce specifically required that
disputes regarding periods of possession be arbitrated.  Judge O=Reilly acted within her power in
arbitrating the periods of possession and the trial court did not err in
denying Lynn=s motion to vacate the award.

For the preceding reasons, we overrule Lynn=s fifth issue.

III.  Conclusion

Having overruled Lynn=s five issues, we affirm the order of the trial court.

 

 

 

 

/s/        Charles W. Seymore

Justice

 

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Sullivan.









[1]  Lynn filed a motion for writ of mandamus on May 17,
2007.  Our court denied it the same day.





[2]  Although the Binding Arbitration Award indicates the
motion to reopen evidence was heard and denied on June 9, 2006, the reporter=s record indicates the proceeding occurred on June 23,
2009.





[3]  The parties have not provided a record citation for
Lynn=s motion to vacate the award, and we have not found
the motion.  At the hearing, Lynn=s
counsel represented there were eight grounds in the motion, but indicated he
would not be covering all of them.





[4]  Lynn does not direct any of her appellate arguments
at the denial of her motion for new trial.





[5]  Lynn represents that some of the motions and
exhibits thereto are not in the clerk=s
record and directs this court to the voluminous appendix to her brief.  We do
not consider documents in the appendix that are not part of the appellate
record.  See Cherqui v. Westheimer St. Festival Corp., 116 S.W.3d
337, 342 n.2 (Tex. App.CHouston [14th Dist.] 2003, no pet.)  (A[W]e cannot consider documents attached as appendices
to briefs and must consider a case based upon the record filed.@).





[6]  On November 28, 2006, Lynn filed an AEmergency Motion for Oral Hearing on Pending Motions,@ in which she referred to several of the motions and
petitions she lists in her appellate brief.  The trial court denied this motion
the following day.





[7]  The only case other than mandamus cases is Nelson
v. Krusen, 678 S.W.2d 918 (Tex. 1984).  Nelson is a medical
malpractice limitations case.  See id. at 920.





[8]  We address the merits of her motions for recusal
under issue three, below.





[9]  See Tex. Code Crim. Proc. Ann. art. 5.08
(Vernon 2005).  Family Code section 153.0071, however,  provides for
arbitration and mediation in suits affecting the parent-child relation.  Tex.
Fam. Code Ann. ' 153.0071(a), (c) (Vernon 2008).  Regarding mediation,
the section provides in part:  

 

A party may at any time prior
to the final mediation order file a written objection to the referral of a suit
affecting the parent‑child relationship to mediation on the basis of
family violence having been committed by another party against the objecting
party or a child who is the subject of the suit.  After an objection is filed,
the suit may not be referred to mediation unless, on the request of a party, a
hearing is held and the court finds that a preponderance of the evidence does
not support the objection.

 

Id. ' 153.0071(f).

 

Thus, at least in relation to
a mediation referral, the statute contemplates a timely written objection by a
party asserting he or she or a child subject of the suit is a victim of family
violence.  In the present case, there is nothing in the record to indicate Lynn
alerted the court or the arbitrator to a potential family-violence issue until
after the two-day arbitration was completed.

 

At the June
23, 2006 hearing on Lynn=s motion to reopen evidence, Judge O=Reilly commented that was the first time she had heard
anything about family violence.  Judge O=Reilly
nevertheless set aside August 29, 30, and 31 to hear offers of proof on the
motion to reopen evidence.  At a hearing on August 2, however, Lynn=s counsel stated they were Awaiving our request for an offer of proof.@  The arbitration award was then filed on August 4,
2006 (although signed on July 31, 2006).  At the subsequent hearing on Lynn=s motion to vacate the award, she offered an affidavit
in which she described Joseph=s acts of
aggression toward her.  The trial court sustained Joseph=s objection to the affidavit on the ground it had not
been submitted to Joseph.  We may not evaluate a trial judge=s ruling on an arbitration award based on materials
that had not been presented to the judge before that ruling.  Hamm v.
Millennium Income Fund, L.L.C., 178 S.W.3d 256, 272 (Tex. App.CHouston [1st Dist.] 2005, pet. denied).





[10]  Lynn=s only Arecord@ citation in
support of her contention Judge O=Reilly
acted as a de facto mediator is a set of Judge O=Reilly=s handwritten notes of a purported meeting with Joseph
on April 15, 2005.  Although Lynn contends these notes have been removed from
the court=s file, the appellate record contains, as part of an
exhibit from the hearing on the motion for new trial, a handwritten page with A4/15/05@
and AJoe [G.]@ in
the top right corner.  Lynn, however, points to nothing to indicate these notes
were before the trial court before it rendered its decision confirming the
arbitration award.  See Hamm, 178 S.W.3d at 272 (stating appellate court
may not evaluate trial judge=s ruling on
arbitration award based on materials not presented to judge before such
ruling).  Additionally, although Judge O=Reilly
served as mediator when this case was previously on appeal, Lynn did not object
to Judge O=Reilly=s appointment
on that ground until the hearing on the motion for new trial and does not raise
that ground in her argument to this court.  See Pat Baker Co. v. Wilson,
971 S.W.2d 447, 450 (Tex. 1998) (AIt
is axiomatic that an appellate court cannot reverse a trial court=s judgment absent properly assigned error.@).





[11]  This issue is multifarious.  We are not required to
address multifarious issues. Willis v. Donnelly, 118 S.W.3d 10, 33 n.15
(Tex. App.CHouston [14th Dist.] 2003), aff=d in part and rev=d in part on other grounds, 199 S.W.3d 262 (Tex. 2006).  Nevertheless, to the
extent we can ascertain the alleged errors with reasonable certainty, we
address the substance of Lynn=s subissues
here or our discussion of issues three and five.  See Zeolla v. Zeolla,
15 S.W.3d 239, 241 n.2 (Tex. App.CHouston
[14th Dist.] 2000, pet. denied).





[12]  The Texas Arbitration Act applies if the parties
agreed to binding arbitration.  See In re Cartwright.@ 104 S.W.3d 706, 711 (Tex. App.CHouston [1st Dist.] 2003, orig. proceeding).  The
final divorce decree provides, AThe arbitrator=s decision shall be binding on the parties.@





[13]  As part of issue five, without further development
or citation to the record, Lynn argues AFurther,
as required by ' 153.0071(b) of the Texas Family Code, the Court did
not have a >best interest of the child= hearing to determine if the arbitration award was in
the best interest of the [G.] children.@ 
We do not consider this undeveloped argument.  See Tex. R. App. P.
38.1(i) (stating appellant=s brief must
contain clear and concise argument for contentions made, with appropriate
citations to authorities and record).  We do note the San Antonio court of
appeals has concluded that trial courts do not have an independent duty to hold
a best interest hearing under section 153.0071(b).  See In the Interest of
C.A.K., 155 S.W.3d 554, 561 (Tex. App.CSan
Antonio 2004, pet. denied).





[14]  Emphasis added.