NO. 07-09-0348-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 13, 2010

______________________________


COVENANT HEALTH SYSTEM D/B/A COVENANT MEDICAL CENTER, APPELLANT

V.

DEAN FOODS COMPANY, A CERTIFIED SELF-INSURED, APPELLEE


_________________________________

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-532,049-A; HONORABLE RUBEN REYES, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ORDER
          Appellant, Covenant Health Systems d/b/a Covenant Medical Center, Intervenor in
the underlying case, filed a notice of appeal contesting the trial court’s order granting a plea
to the jurisdiction filed by Dean Foods Company. By its plea to the jurisdiction, Dean Foods
Company, a certified self-insured, asserts that the trial court lacked subject matter
jurisdiction over Intervenor’s compensation claim because Intervenor failed to preserve its
administrative remedies by failing to pursue Medical Dispute Resolution with the Texas
Workers Compensation Commission (TWCC) and by failing to appeal the Contested Case
Hearing Officer’s Decision against it to the TWCC Appeals Panel before pursuing judicial
review. 
          The clerk’s original record, consisting of three volumes, was filed on November 20,
2009, and a supplemental record was filed on December 3, 2009. Pending before this
Court is Appellant’s Objection to Clerk’s Record and Motion to Strike or Correct Record. 
According to Appellant, two documents requested by Appellant to be included in the clerk’s
record were omitted, while thirty-nine documents that were not requested were included. 
Appellant prays that this Court strike the existing clerk’s record and order the Lubbock
County District Clerk to prepare a new clerk’s record “consistent with that requested by the
parties to this appeal.” Alternatively, Appellant requests that this Court order the clerk’s
record be amended and corrected. Appellant further requests that this Court order the
District Clerk to issue a refund for any overcharge in preparation of the existing clerk’s
record. For the reasons set forth herein, Appellant’s motion is denied.
Requested But Excluded Documents
          Appellant contends that (1) Plaintiff’s Original Petition and Jury Demand and (2)
Defendant’s Response to Intervenor’s Objections to Reply in Support of Plea to the
Jurisdiction, which were designated by Appellant to be included in the clerk’s record, were
not included. A review of the record filed does establish that, for whatever reason, those
requested documents were omitted from the clerk’s record. Rule 34.5(c)(1) provides that
if a relevant item has been omitted from the clerk’s record, the trial court, appellate court,
or any party may by letter direct the trial court clerk to prepare, certify, and file the omitted
document in a supplemental clerk’s record. This Court directs that Appellant request the
Lubbock County District Clerk to supplement the clerk’s record with the two missing
documents. Should the district clerk not comply with Appellant’s request, relief may be
sought in this Court pursuant to Rule 35.3(c) which ensures the timely filing of the appellate
record.
 Unnecessary and Unrequested Documents
          Appellant also contends that thirty-nine documents that were never requested by
either party should have been excluded from the clerk’s record. Appellant’s Request for
Preparation of Clerk’s Record does request that the clerk’s record be prepared “in
accordance with Rule 34.5, including but not limited to the following (emphasis added)”
listed documents. Appellant contends that these unrequested documents are irrelevant
and unnecessary to the resolution of this appeal. 
          The inclusion of a document in the clerk’s record does not necessarily mean it is
relevant to the merits of the appeal, and an appellate court is free to disregard any
irrelevant portions of the clerk’s record. Roventini v. Ocular Sciences, Inc., 111 S.W.3d
719, 726 (Tex.App.–Houston [1st Dist.] 2003, no pet.) (finding that appellate courts are “ill
equipped” to make relevancy determinations concerning the clerk’s record at the record-filing stage of an appeal); See also In re C.A.K., 155 S.W.3d 554 (Tex.App.–San Antonio
2004, pet. denied) (motion to strike irrelevant and unnecessary documents from clerk’s
record denied).
          Because this Court is not expressly granting any relief requested, Covenant Health
Systems d/b/a Covenant Medical Center’s Objection to Clerk’s Record and Motion to Strike
or Correct Record is denied. 
          It is so ordered.
                                                                                      Per Curiam